UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORTH WORTH DIVISION

| | |
|---|---|
| RJ STEVENSON,<br><br>  Plaintiff,<br><br>v.<br><br>DIJ PROPERTIES MANAGEMENT, LLC,<br>formerly known as, COPPER CREEK II,<br><br>  Defendant. | Case No: 4:22-cv-01011 |

# COMPLAINT

**NOW COMES** RJ Stevenson ("Plaintiff") by and through his undersigned counsel, complaining as to the conduct of DIJ Properties Management, LLC, formerly known as, Copper Creek II, ("Copper Creek" or "Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FCRA pursuant to 15 U.S.C. §1681 *et seq*., 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of Texas and all of the events or omissions giving rise to Plaintiff's claims occurred in this Northern District of Texas.

### PARTIES

4. Plaintiff is a consumer over 18 years-of-age, residing in Fort Worth, Texas.

5. Defendant is an apartment complex located at 5925 Callaston Ln, Fort Worth TX 76112. DIJ Properties acquired all of the assets and liabilities of Copper Creek Apartments, a 275-unit multifamily property in Fort Worth, Texas.

6. Defendant is a furnisher of credit information and, as such, its obligations are set forth in 15 U.S.C. §1681s-2 of the FCRA.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

8. At some point in 2019, an unknown offender stole Plaintiff's identity.

9. The unknown offender used Plaintiff's identity to apply for Copper Creek apartment in Texas.

10. In August 2022, Plaintiff, while in the process of reviewing his credit reports, accessed his Equifax, TransUnion, and Experian credit files and discovered a false, fraudulent, and derogatory account and inquiries that he never authorized and did not belong to him.

11. Specifically, Plaintiff discovered a collection account in each of his credit files from "Copper Creek II" reporting a balance of $3,538.

12. The Copper Creek account was reporting in collections, with a derogatory past-due balance, despite Plaintiff never having a business relationship with Copper Creek.

13. The Copper Creek Account was reporting inaccurate, fraudulent, and materially misleading information on Plaintiff's credit reports and were significantly harming Plaintiff's credit score and creditworthiness.

14. At no point in time did Plaintiff apply for an apartment with Copper Creek in Texas.

**PLAINTIFF'S FIRST DISPUTE TO COPPER CREEK AND CREDIT REPORTING AGENCIES**

15. On August 22, 2022, Plaintiff filed an Identity Theft Report with the Federal Trade Commission ("FTC") averring, inter alia, that he was a victim of identity theft and that (1) the Copper Creek II Account was incurred without his authorization, and (2) there were unauthorized credit inquiries on his credit reports.

16. Concerned with the unusual fraudulent activity and inaccurate information on his credit reports, Plaintiff took immediate action to attempt to remove the foreign information and account from his TransUnion, Experian and Equifax credit report.

17. Specifically, on August 23, 2022, Plaintiff disputed the Copper Creek Account online with TransUnion, Experian and Equifax.

18. Upon information and belief, TransUnion, Experian and Equifax transmitted Plaintiff's disputes to Copper Creek within five days of TransUnion, Experian and Equifax's receipt of Plaintiff's dispute. *See* 15 U.S.C. §1681i(a)(2).

19. TransUnion and Experian responded to Plaintiff's dispute of the Copper Creek Account and removed the derogatory and misleading Copper Creek Account from Plaintiff's credit files.

20. However, Equifax responded to Plaintiff's dispute of the Copper Creek Account by verifying the accounts as accurate, and advising Plaintiff that Copper Creek indicates the debts are due in full.

21. Accordingly, the Copper Creek Account continued to report derogatorily on Plaintiff's Equifax credit report.

**PLAINTIFF'S SECOND DISPUTE TO COPPER CREEK AND EQUIFAX**

22. On September 17, 2022, Plaintiff again disputed the Copper Creek Account with Equifax.

23. Upon information and belief, Equifax transmitted Plaintiff's disputes to Copper Creek within five days of Equifax's receipt of Plaintiff's dispute. *See* 15 U.S.C. §1681i(a)(2).

24. Despite TransUnion and Experian removing the derogatory and misleading Copper Creek Account from Plaintiff's credit files, Equifax continued to report the account with an unsatisfied balance of $3,538.

25. . Accordingly, the Copper Creek Account continued to report derogatorily on Plaintiff's Equifax credit report.

### IMPACT OF INACCURATE REPORTING ON PLAINTIFF'S CREDIT FILE

26. Plaintiff has worked hard to build and maintain a good credit history.

27. The inaccurate reporting of the fraudulent account has devastated Plaintiff's credit score, which is currently in the low 600s due to Defendants' inaccurate reporting of the Copper Creek accounts.

28. The inaccurate reporting of the fraudulent accounts has damaged Plaintiff's creditworthiness because it creates the false impression that Plaintiff is in default on the fraudulent accounts, thus rendering Plaintiff a high-risk consumer and impeding his ability to obtain credit.

29. Defendant's reckless inaccurate reporting of the fraudulent accounts has frustrated Plaintiff's ability to control his credit score and his ability to benefit from the credit history he has built over the years.

30. As a result of Defendant's conduct, Plaintiff has suffered significant damages, including: the loss of credit opportunity, increased cost of credit, humiliation, loss of time disputing the inaccurate reporting, time expended monitoring his credit files and sending credit disputes, mental anguish, emotional distress, lack of sleep, and anxiety.

31. Moreover, Defendant's conduct has resulted in monetary damages including the costs of mailing disputes, purchasing credit reports, and subscribing to credit monitoring services.

32. Additionally, in an effort to remedy the continued inaccurate and incomplete reporting of the subject debt and to validate the accuracy of Defendants' credit reporting, Plaintiff purchased a Credit Report and Score for $24.95.

33. Plaintiff has literally exhausted all efforts short of judicial action to compel Defendants to remove the fraudulent account from his Equifax credit report.

34. Due to Defendant's repeated refusal to remove the fraudulent account from Plaintiff's Equifax credit report, Plaintiff was forced to initiate the instant action to compel the same.

### COUNT I – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

35. Plaintiff restates and realleges all preceding paragraphs as though fully set forth herein.

36. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

37. Plaintiff is a "person" as defined by 15 U.S.C. §1681a(b).

38. Copper Creek is a "furnisher of information" as defined by 15 U.S.C. §1681s-2.

39. At all times relevant, the above-mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

40. Copper Creek violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct a reasonable investigation into each of Plaintiff's disputes relating to the Copper Creek Accounts that were fraudulently opened in Plaintiff's name.

41. Copper Creek violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by Experian pursuant to 15 U.S.C. §1681i(a)(2).

42. Had Copper Creek reviewed the information provided by Plaintiff and Equifax, it would have discovered that Plaintiff was a victim of identity theft and that he did not apply for the

apartment which led to the Copper Creek Account that it was reporting on Plaintiff's Equifax credit report. Instead, Copper Creek repeatedly confirmed the accuracy of its inaccurate reporting of the Copper Creek Account without conducting a reasonable investigation into any of Plaintiff's disputes.

43. Copper Creek violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report to Equifax complete results of its investigations of Plaintiff's disputes.

44. Copper Creek violated 15 U.S.C. §1681s-2(b)(1)(D) by failing to report the results of its investigations into Plaintiff's disputes to Equifax.

45. Copper Creek violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information it was reporting to Equifax pertaining to the Copper Creek Account that was fraudulently opened in Plaintiff's name.

46. Copper Creek violated 15 U.S.C. §1681s-2(a)(6)(B) by failing to maintain reasonable procedures to respond to identity theft disputes in a manner that prevents Equifax from refurnishing the disputed information.

47. Copper Creek violated 15 U.S.C. §1681s-2(a)(6)(B) by continuing to furnish the disputed information to Equifax after it received notice that Plaintiff was a victim of identity theft.

48. Copper Creek violated 15 U.S.C. §1681s-2(a)(3) by failing to report the Copper Creek Account as disputed by Plaintiff.

49. Any reasonable investigation by Copper Creek would have confirmed the veracity of Plaintiff's disputes, yet Copper Creek's erroneous credit reporting of Account persists in Plaintiff's Equifax credit report.

50. Had Copper Creek taken any meaningful action to investigate Plaintiff's valid disputes, it would have permanently corrected its erroneous credit reporting. Plaintiff provided supporting

evidence in his disputes, yet Copper Creek repeatedly ignored the supporting evidence and continued its erroneous reporting of the fraudulent Account.

51. Further, Copper Creek's removal of the Account from Transunion and Experian credit files but continuing validation of the Account on Plaintiff's Equifax credit file calls into question the veracity of Copper Creek's investigations.

52. By removing the Account from two credit bureaus but not the other, despite Plaintiff advising that both were the result of identity theft, Copper Creek exhibits the reckless disregard it has to Plaintiff's disputes.

53. By deviating from the standards established by the credit industry and the FCRA, Copper Creek acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax.

54. Copper Creek has exhibited a pattern of refusing to correct credit reporting errors despite being on notice that its false credit reporting is wreaking havoc on consumers' credit scores, ultimately valuing its own convenience above its grave responsibility to report accurate data to the credit reporting agencies.

55. As set forth above, Plaintiff was significantly harmed by Copper Creek's repeated inaccurate credit reporting of the fraudulent Copper Creek Accounts.

**WHEREFORE**, Plaintiff, RJ STEVENSON, respectfully requests this Honorable Court for the following relief:

a. A finding that Copper Creek's conduct as set forth herein violates the FCRA;

b. An order enjoining Copper Creek from reporting the fraudulent Copper Creek Accounts on Plaintiff's credit reports;

c. An award of compensatory damages to Plaintiff to be determined by the jury;

d. An award of statutory damages of $1,000.00 for each violation of the FCRA;

e. An award of punitive damages to be determined by the jury;

f. An award of reasonable attorney's fees and costs pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. An award of any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands a trial by Jury.**

Dated: November 14, 2022                                    Respectfully submitted,

*/s/ Marwan R. Daher*
Marwan Rocco Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone: (630) 575-8180
mdaher@sulaimanlaw.com